IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10631
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RODRIGO PEREZ-ESPINOZA,
also known as Rodrigo Espinoza,
also known as Rodrigo Espinoza-Perez,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-470-ALL-D
--------------------
October 29, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rodrigo Perez-Espinoza appeals the 46-month term of imprisonment imposed following his guilty plea conviction of being found in the United States after removal in violation of 8 U.S.C. § 1326. Perez-Espinoza contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(2) define separate offenses. He argues that the aggravated felony conviction that resulted in his increased sentence was an element of the offense under 8 U.S.C. § 1326(b)(2) that should have been alleged in his indictment.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Perez-Espinoza notes that he pleaded guilty to an indictment which recited only facts and elements supporting a charge of simple reentry under 8 U.S.C. § 1326(a), and argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.  Perez-Espinoza acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001).  Perez-Espinoza's argument is foreclosed.  The judgment of the district court is AFFIRMED.

In lieu of filing an appellee's brief, the Government has filed a motion asking this court to dismiss this appeal or, in the alternative, to summarily affirm the district court's judgment.  The Government's motion to dismiss is DENIED.  The motion for a summary affirmance is GRANTED.  The Government need not file an appellee's brief.

AFFIRMED; MOTION TO DISMISS DENIED; MOTION FOR SUMMARY AFFIRMANCE GRANTED.